IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PUEBLO OF JEMEZ, a federally
recognized Indian tribe,**

    **Plaintiff,**

**v.**          **No. 1:12-cv-0800 RB/WPL**

**THE UNITED STATES OF AMERICA,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon New Mexico Gas Company's ("NMGC's") Motion to Intervene as of Right Pursuant to Federal Rule of Civil Procedure 24(a). (Doc. 55.) Jurisdiction is based on 28 U.S.C. § 1331. Having considered the submissions of counsel and relevant law, the Court will **GRANT** this motion.

**I.**    **Background**

Plaintiff Pueblo of Jemez ("Pueblo") brought this action under the federal common law and the Quiet Title Act, 28 U.S.C. § 2409a, seeking to quiet its allegedly unextinguished and continuing aboriginal title to the lands of the Valles Caldera National Preserve. (Compl. Doc. 1.) Specifically, the Pueblo claims aboriginal title to "that certain parcel of land commonly known as Baca Location No. 1 located in Sandoval and Rio Arriba Counties, New Mexico . . . containing 99,289.39 acres, more or less." (Warranty Deed, Compl. Ex. 1, Doc. 1.) NMGC seeks permission to intervene in this action because it owns a natural gas pipeline and associated easement on 49.77 acres more or less of the real property that is the subject of the lawsuit.

(NMGC Ex. 3, Doc. 55-3.) NMGC seeks intervention as a matter of right under Fed. R. Civ. P. 24(a)(2) and, alternatively, permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). (*Id.*) Pueblo opposes the motion. (Docs. 64 and 76.) Defendant United States ("United States") does not oppose the motion. (Doc. 83.)

## II.     Legal Standard[1]

Rule 24(a)(2) of the Federal Rules of Civil Procedure states that upon a timely motion the Court must allow anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). Under Tenth Circuit law interpreting this rule, "an applicant may intervene as a matter of right if (1) the application is timely, (2) the applicant claims an interest relating to the property or transaction which is the subject of the action, (3) the applicant's interest may be impaired or impeded, and (4) the applicant's interest is not adequately represented by existing parties." *Elliott Indus. Ltd. P'ship v. B.P. Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005). "The Tenth Circuit generally follows a liberal view in allowing intervention under Rule 24(a)." *Id.* The factors of Rule 24(a)(2) are intended to "capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation," and "[t]hose factors are not rigid, technical requirements." *San Juan County v. United States*, 503 F.3d 1163, 1195 (10th Cir. 2007) (en banc).

---

[1] The Tenth Circuit has observed that the Quiet Title Act contains no provision that explicitly prohibits intervention. *See San Juan Cnty., Utah v. United States*, 503 F.3d 1163, 1187 (10th Cir. 2007) (en banc). Accordingly, the Tenth Circuit has found that "once a federal district court has jurisdiction of a case under the Quiet Title Act, the usual rules of procedure, which include Fed. R. Civ. P. 24, ordinarily apply." *Id.*

**III.    Discussion**

First, NMGC must establish that the motion to intervene is timely. *See* Fed. R. Civ. P. 24(a). "The timeliness of a motion to intervene is assessed in light of all the circumstances, including the length of time since the applicant knew of his interest in the case, prejudice to the existing parties, prejudice to the applicant, and the existence of any unusual circumstances." *Utah Ass'n of Counties v. Clinton*, 255 F.3d 1246, 1250 (10th Cir. 2001) (internal quotation marks omitted). Written discovery has only recently commenced. The Rule 16 initial scheduling conference is set for September 22, 2016. There is no apparent prejudice to any party. In that NMGC's intervention will cause no delay in the prosecution of this action and will not prejudice any of the existing parties to this matter, NMGC has satisfied the timeliness requirement of Rule 24(a).

Next, NMGC must show that it has "an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest . . ." Fed. R. Civ. P. 24(a)(2); *Elliott Indus.*, 407 F.3d at 1103. NMGC owns a natural gas pipeline and associated easement that traverses Baca Location No. 1. In its response to the Motion to Intervene, the Pueblo states that it opposes intervention because title to the 49.77 acres more or less on which the easement is located ("49.77 acres") is not at issue in this case. (Doc. 64.)

In its reply, NMGC states that it would stipulate to an order that "(a) memorializes Plaintiff's representations, (b) holds that Plaintiff is not seeking to Quiet Title to the 49.77 acres, and (c) holds that Plaintiff claims no interest in the 49.77 acres and does not seek to impair any of NMGC's interests in (i) NMGC's pipeline and related facilities located on the 49.77 acres, (ii) NMGC existing easement on the 49.77 acres, or (iii) NMGC's rights of access across Baca

Location No. 1 to the 49.77 acres and NMGC's pipeline and related facilities." (Doc. 65 at 2.) NMGC submits that, if the Pueblo would stipulate to such an order, intervention by NMGC would no longer be necessary. (*Id.*)

In its surreply, the Pueblo did not accept NMGC's offer to stipulate and suggested that the Court should direct the Defendant to state its position as to the ownership of the 49.77 acres. (Doc. 76.)

Pursuant to the Court's directive, Defendant filed a Statement of Position Regarding NMGC's Motion to Intervene and the United States' Ownership of the 49.77 Acres of Land in which NMGC Claims an Interest. (Doc. 83.) Therein, Defendant states that it holds fee simple title to the 49.77 acres, subject to NMGC's easement. (*Id.*)

The Pueblo based its assertion that the 49.77 acres are not at issue in this case on a strained reading of the exception for the pipeline easement in the Warranty Deed. (Doc. 83 at 2–3.) This exception applies to the dominant easement estate owned by NMGC and not the subservient fee estate owned by the United States. (*Id.*) The United States claims fee simple title to the 49.77 acres, subject to NMGC's pipeline easement. (*Id.*) The Warranty Deed conveyed fee simple title to the 49.77 acres to the United States. (*Id.*) In the Complaint, the Pueblo claims aboriginal title to "that certain parcel of land commonly known as Baca Location No. 1 located in Sandoval and Rio Arriba Counties, New Mexico . . . containing 99,289.39 acres, more or less." (Warranty Deed, Compl. Ex. 1, Doc. 1.) The 49.77 acres is included in the description contained in the Warranty Deed. (*Id.*) The fact that the 49.77 acres are at issue in this case is underscored by the fact that the Pueblo did not accept NMGC's offer to stipulate. (Doc. 76.) Because its property interests in the pipeline and the easement may be affected by the outcome of this lawsuit, NMGC has an obvious, significant interest relating to this action. Consequently,

NMGC's ability to protect its interests could be impaired by a disposition in the Pueblo's favor without the participation of NMGC. As such, the Court finds that NMGC has interests sufficiently relating to the subject of the action, and those interests could be impaired without the participation of NMGC.

Finally, NMGC must show that its interests are not adequately represented by the existing parties. Fed. R. Civ. P. 24(a)(2); *Elliott Indus.*, 407 F.3d at 1103. Notably, the Tenth Circuit has recognized that a governmental defendant often cannot adequately represent the interests of a non-governmental party. *Nat'l Farm Lines v. Interstate Commerce Comm'n*, 564 F.2d 381, 384 (10th Cir. 1977) ("an agency seeking to protect both the public interest and the interest of a private intervenor undertakes a task which is on its face impossible"); *see also Dimond v. Dist. of Columbia*, 792 F.2d 179, 192–93 (D.C. Cir. 1986) (noting that "a governmental entity charged by law with representing the public interest of its citizens might shirk its duty were it to advance the narrower interest of a private entity"). As the current Defendant is the United States, the private interests of NMGC are not presently adequately represented in this action. Additionally, the Tenth Circuit has recognized that "[t]he possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy this minimal burden." *Utahns for Better Transp. v. U.S. Dep't of Transp.*, 295 F.3d 1111, 1117 (10th Cir. 2002) (internal quotation marks omitted). The interests of NMGC in its pipeline and easement differ from the interests of the United States in the lands of the Valles Caldera National Preserve. For these reasons, the Court finds that there is a substantial possibility that NMGC's interests will not be adequately protected without its intervention.

In sum, the Court finds that NMGC has satisfied all requirements for intervention of right under Rule 24(a)(2). In that the motion to intervene is granted as of right, there is no need to address permissive intervention pursuant to Rule 24(b).

**THEREFORE,**

**IT IS ORDERED** that NMGC Motion to Intervene as of Right Pursuant to Federal Rule of Civil Procedure 24(a) (Doc. 55) is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**