IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF JEMEZ, a federally
recognized Indian tribe,

       Plaintiff,

v.                                                     CV 12-800 RB/WPL

UNITED STATES OF AMERICA,

       Defendant,

and

NEW MEXICO GAS COMPANY,

       Defendant-in-Intervention.

**ORDER SETTING PRETRIAL DEADLINES
AND ADOPTING JOINT STATUS REPORT**

This case came before me for a Rule 16 initial scheduling conference. The case is hereby assigned to a complex case-management track. Additionally, the Joint Status Report filed by the parties is adopted as an order of the Court, except to the extent that it conflicts with the following case-management provisions.

The parties may move to amend the pleadings or join additional parties no later than **October 31, 2016.**

A maximum of **70 interrogatories and 70 requests for admission** are allowed by each party to any other party. There is no cap on the number of requests for production. The parties agreed, with the Court's permission, to not limit the number of depositions in this case. Each

deposition, other than depositions of experts, it limited to a maximum of **7 hours**, unless extended by agreement of the parties.

The termination date for factual discovery is **June 16, 2017**, and the termination date for expert discovery is **December 15, 2017.** Discovery shall not be reopened, except by an order of the Court upon a showing of good cause. These deadlines shall be construed to require that discovery be completed on or before the above date. Service of interrogatories or requests for production shall be considered timely only if the responses are due prior to the deadline. A notice to take a deposition shall be considered timely only if the deposition takes place prior to the deadline. The pendency of dispositive motions shall not stay discovery.

Motions relating to factual discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **June 23, 2017**. Motions relating to expert discovery (including, but not limited to, motions to compel and motions for protective order) shall be filed with the Court and served on opposing parties by **December 22, 2017**. See D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. This deadline shall not be construed to extend the twenty-one-day time limit in D.N.M.LR-Civ. 26.6.

All expert witnesses must be disclosed by the parties, even if the expert is not required to submit an expert report. *See* FED. R. CIV. P. 26(a)(2)(B) & (C); D.N.M.LR-Civ. 26.3(b). The parties shall identify in writing any expert witness to be at trial and provide expert reports under Rule 26(a)(2)(B) no later than **September 15, 2017**. Rebuttal experts shall be identified in writing, and any appropriate reports disclosed, no later than **November 17, 2017.**

Pretrial motions, other than discovery motions, shall be filed with the Court and served on opposing parties by **January 12, 2018**. See D.N.M.LR-Civ. 7 for motion practice requirements and timing of responses and replies. Any pretrial motions, other than discovery motions, filed after the above dates shall be considered untimely in the discretion of the Court.

If documents are attached as exhibits to motions, affidavits, or briefs, those parts of the exhibits that counsel want to bring to the attention of the Court must be highlighted in accordance with D.N.M.LR-Civ. 10.6.

Deadlines related to the pretrial order will be set by the presiding judge at a later time.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.