## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF JEMEZ, a federally
recognized Indian tribe,

      Plaintiff,

v.                                                CV 12-800 RB/WPL

UNITED STATES OF AMERICA,

      Defendant,

and

NEW MEXICO GAS COMPANY,

      Defendant-in-Intervention.

### ORDER GRANTING IN PART AND DENYING IN PART
### PLAINTIFF'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER
### AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER

Plaintiff Pueblo of Jemez filed a motion for protective order and motion to compel (Doc. 105) and the United States filed a cross motion for protective order (Doc. 108). The parties essentially agree that two protective orders are necessary: one covering the treatment of culturally sensitive and confidential information disclosed by the Pueblo, and one covering the treatment of culturally sensitive and confidential information disclosed by the United States. The parties were, however, unable to agree on the terms of those orders. Both parties submitted two sets of proposed protective orders. I have reviewed the proposed protective orders, the points of contention, the record, and the relevant law. Both motions are granted in part and denied in part.

Federal Rule of Civil Procedure 26(c) allows courts, for "good cause," to issue a protective order regarding discovery "to protect a party or person from annoyance,

embarrassment, oppression, or undue burden or expense." The rule also serves to protect parties'

privacy interests. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984). Protective orders

are highly customizable. The "good cause" standard is "highly flexible, having been designed to

accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321

(10th Cir. 2008) (quoting *United States v. Microsoft Corp.*, 165 F.3d 952, 959 (D.C. Cir. 1999)).

In this case, protective orders are appropriate to limit disclosure of confidential or sensitive

religious, cultural, archeological, and other information in the course of this litigation.

While the parties agree that protective orders are appropriate, they were unable to

stipulate to any such order. The points of contention are as follows: 1) the Pueblo of Jemez

would like clarification as to whether and how the National Historic Preservation Act or other

federal statutes apply to this case; 2) the United States would like thorough and detailed

protective orders that separately cover information produced or otherwise provided by the United

States and information produced or otherwise provided by the Pueblo of Jemez; 3) the Pueblo of

Jemez would like the United States to individually review, in the first instance, any and all

materials produced or otherwise provided by the United States to determine if those materials

should be considered confidential; and 4) the United States asserts that complying with a

notification provision regarding the use of confidential information is impossible/unnecessary,

and further asserts that it would be offensive to Dr. Anastasia Steffen and Ms. Van Vlack—two

employees of the United States Department of the Interior—to sign a confidentiality agreement.

As to Pueblo of Jemez's contention that only the National Historic Preservation Act

should be considered, and then only on limited grounds, I am not persuaded. The United States is

bound be all existing and applicable federal law. If and when the parties have a concrete dispute

about the applicability of a particular statute on a particular issue, they may file the appropriate motions.

I agree with the United States that thorough orders are appropriate, and have adopted modified versions of the parties' proposed orders.

One of the biggest issues appears to be who bears the burden, in the first instance, of designating discovery material produced or otherwise provided by the United States as confidential. The United States asserts that it will produce tens of thousands of pages of discovery in this case, and that reviewing each document for confidentiality before responding to discovery requests would unnecessarily slow the process. I agree. Under the unique circumstances of this case, I find it appropriate for the United States to designate batches of documents or other discovery material as confidential, with notice to the opposing parties that the United States has not thoroughly reviewed the materials and an opportunity for the opposing parties to challenge the confidential designation. In any event, the opposing parties will have to sift through the discovery materials and allowing the United States to designate batches of discovery materials as confidential with minimal initial review will not substantially alter the burdens of discovery.

Finally, I find it somewhat disingenuous that the United States objects to having two Department of the Interior employees sign a confidentiality agreement when the United States has specifically requested that opposing counsel sign a confidentiality agreement. Confidentiality agreements are standard practice in litigation of this magnitude and it is not a remark on any individual's professionalism to require a confidentiality agreement.

I have slightly modified the proposed confidentiality orders. Accordingly, the motions for protective order are both granted in part and denied in part, and the Pueblo of Jemez's motion to compel is denied as moot. The protective orders will be filed simultaneously with the filing of this Order. Counsel and the parties are reminded of their overarching obligation to participate in this litigation and carry out these Orders in good faith.

IT IS SO ORDERED.

William P. Lynch
United States Magistrate Judge