## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF JEMEZ, a federally
recognized Indian tribe,

      Plaintiff,

v.                                                                                   CV 12-800 RB/WPL

UNITED STATES OF AMERICA,

      Defendant,

and

NEW MEXICO GAS COMPANY,

      Defendant-in-Intervention.

### PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
### PRODUCED BY THE PUEBLO OF JEMEZ

This Order addresses the disclosure and exchange in this litigation of potentially sensitive, religious information of the Pueblo of Jemez ("Plaintiff") that Plaintiff contends is prohibited from disclosure by its traditional law, or information that may trigger the American Indian Religious Freedom Act of 1978 ("AIRFA"), or archaeological information that may be subject to confidentiality under the Archaeological Resource Protection Act ("ARPA"), 16 U.S.C. § 470hh. It is not intended to cover potentially sensitive cultural information of other pueblos or tribes that may be subject to confidentiality under Section 304 of the National Historic Preservation Act, 54 U.S.C. § 307103. If necessary and appropriate, Plaintiff, Defendant United States ("Defendant"), or Defendant-Intervenor New Mexico Gas Company ("Defendant-Intervenor") (collectively, "Parties"), unilaterally or jointly, may move for entry of an additional protective order for Section 304 information belonging to other pueblos or tribes. In order to protect the confidential information in connection with this case, the Court orders as follows:

1. For purposes of this Order, the term "Confidential Information" means: (a) potentially sensitive, religious information belonging to Plaintiff, including, but not limited to, the location of religious sites, shrines, offerings, trails, or details of certain religious practices; or (b) archaeological information subject to confidentiality under the ARPA.

2. This Order applies to all documents or information produced in any manner by Plaintiff.

3. Plaintiff may designate any document as "Confidential" by stamping each page of the document as "Confidential" or designating any written response to a discovery request as "Confidential." Documents containing Confidential Information will be produced separately from other non-confidential materials. The disc, thumb drive, cover page, pdf or other medium containing Confidential Information will also be marked "Confidential." Plaintiff may designate information disclosed during a deposition as confidential by stating so on the record at the deposition and requesting preparation of a separate transcript of such material. In addition, Plaintiff or a deponent may designate in writing, within twenty (20) days after receipt of the deposition transcript, specific pages of the transcript and/or specific responses to be treated as "Confidential Information."

4. No documents stamped "Confidential" shall be publicly filed with the Court. Documents stamped "Confidential" shall be submitted to the Court under seal using the following procedures:

    a. The original signed copy of any pleading containing, referring to, or otherwise disclosing Confidential Information shall be filed with the Clerk of the Court in the normal manner under the Local Rules of this Court, but the Confidential Information contained,

referred to, or otherwise disclosed therein shall be redacted (and bear the stamp "REDACTED") so that it does not appear in the filed copy of the pleading or filing; and

    b.  A second copy of the pleading or filing, containing an unredacted version of the Confidential Information, shall be filed with the Clerk of the Court by selecting the "Accessible by all case participants but not the public" option in step 5 (access level) of the CM/ECF filing system and should be "sealed" by whatever process required by the Court.

  5.  All Confidential Information produced by Plaintiff in the course of this case (not including information that is publicly available or otherwise previously in the possession of the Defendant or Defendant-Intervenor) shall be used by the Parties, their counsel, or any other person to whom the information is produced or provided solely for the purpose of this case and shall be held in strict confidence. The Valles Caldera National Preserve ("VCNP") may not use any Confidential Information for educational or academic purposes, or include any Confidential Information in any materials, presentations or tours, study or research not conducted as part of the Defendant's defense of the litigation, or for recording or memorializing information for purposes other than defense of this case. All Confidential Information produced or otherwise provided by Plaintiff, and any documents containing Confidential Information produced or otherwise provided by Plaintiff during this litigation, shall be destroyed or returned at the end of the litigation as described below. Nor shall Defendant, through the VCNP or otherwise, use Confidential Information in any manner to identify sites for excavation sites or to identify, record, or collect ceremonial objects identified by Confidential Information. If the VCNP maintains that it has previously and specifically identified such sites or ceremonial objects through information available prior to this litigation, Defendant shall so notify Plaintiff at least thirty days prior to any action being taken by the VCNP unrelated to this litigation so that the

Plaintiff may seek appropriate relief from the Court if necessary. Subject to the provisions of Paragraph 6, Confidential Information will not be furnished, shown, or disclosed to any person except:

    a.    Designated legal counsel for the Defendant and Defendant-Intervenor and paralegal, secretarial, and clerical employees of such designated counsel;

    b.    Employees designated as experts or outside experts or consultants retained for the purpose of assisting counsel in this litigation;

    c.    The following current employees of the United States Department of the Interior: (1) Anastasia Steffen; and (2) Hannah Van Vlack; and

    d.    Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

6.    Before disclosing Confidential Information produced or otherwise provided by Plaintiff to any persons identified in Paragraph 5(a), (b), or (c), counsel shall require such persons to read a copy of this Order and sign a copy of the Confidentiality Agreement, attached hereto, affirming that the recipient: (a) has read this Order and understands all of its terms; (b) agrees to abide by and to be bound by the terms of this Order; (c) agrees to submit to the Court's jurisdiction for purposes of enforcement of this Order by proceedings from contempt and/or proceedings for legal and/or equitable relief, including damages, should any breach of this Agreement occur. Office support or administrative staff who simply handle or file the Confidential Information but do not review their contents or retain copies thereof in any form need not execute a Confidentiality Agreement. Counsel shall retain such Confidentiality Agreement(s) until such time as the litigation, including all appeals, is concluded and counsel has retrieved all Confidential Information produced or otherwise provided by Plaintiff from each

recipient who executed a copy of the Agreement, all pursuant to Paragraph 13 below. Counsel are responsible for making good faith efforts to ensure that their staff, assistants, consultants, employees, and experts comply with this Order.

7. No person receiving Confidential Information shall reveal or discuss such information to or with any person who is not entitled to receive such information under this Order.

8. Any party may seek to designate as "Confidential Information" documents or discovery materials produced or otherwise provided by a non-party by providing written notice to all Parties of the relevant document numbers or other identification within thirty (30) days of receipt of such documents or other discovery materials. However, documents or discovery materials that have been (1) collected from a public archives or (2) published in a book or article, shall not be designated as "Confidential Information." Moreover, this Protective Order shall not require any expert to return or destroy any document or discovery materials that they have obtained through a source other than Plaintiff.

9. The inadvertent or unintended disclosure of Confidential Information shall not be deemed a waiver in whole or in part of the claim of confidentiality for any Confidential Information.

10. This Order in no way affects or relieves any party of its responsibility to comply with any federal, state, or local law or regulation. Nothing in this Order alters the rights and/or liabilities of the Parties with respect to the litigation.

11. Subject to the Federal Rules of Evidence, Confidential Information may be offered at any court hearing, provided that the proponent of the evidence gives reasonable notice

to all counsel and to the Court. Any party may move the Court for an order that the evidence be received *in camera* or under other conditions to prevent unauthorized disclosure.

12. This Order shall survive the termination or resolution of the case and is binding on all Parties until further order of the Court.

13. Within sixty (60) days after the final conclusion of all aspects of this litigation, all individuals subject to Paragraph 6 still possessing documents produced or otherwise provided by Plaintiff and designated as Confidential and for which such a designation has not been rejected by the Court shall either destroy or return the documents and any notes, summaries, synopsis, abstract, digest, copies, maps, recordings, photographs, or electronic images created from Confidential Information to counsel for the party who retained that expert or consultant. If destroyed, the individual must sign a declaration, under oath, confirming what was destroyed, the manner in which it was destroyed, and the date it was destroyed. Also within sixty (60) days after the final conclusion of litigation as described above, counsel for Defendant and Defendant-Intervenor shall provide counsel for Plaintiff with copies of any and all Confidentiality Agreements executed pursuant to this Order and of any declarations of destruction. All counsel of record shall make certification of compliance herewith and shall deliver the same to Plaintiff not more than 60 days after final termination of this litigation, including all appeals.

14. Counsel may apply to the Court for modification of this Order after reviewing documents designated as "Confidential Information." If any party to this litigation disagrees with the designation of any information produced or otherwise provided by Plaintiff as "Confidential," the Parties shall first confer to resolve the dispute in good faith. If the dispute cannot be resolved, the objecting party may invoke this Protective Order by objecting in writing to the party who designed the document or information as "Confidential." The designating party

shall be required to move the Court for an order preserving the confidential status of such information within twenty-one (21) days of receipt of the written objection, and failure to do so shall constitute termination of the restricted status of such an item or information. If counsel determine that they intend to apply to the Court for modification of the Order, they shall nevertheless continue to abide by the terms of the Order until the Court makes a final ruling on the issue.

    IT IS SO ORDERED.

                                            William P. Lynch
                                            United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF JEMEZ, a federally
recognized Indian tribe,

      Plaintiff,

v.                                    CV 12-800 RB/WPL

UNITED STATES OF AMERICA,

      Defendant,

and

NEW MEXICO GAS COMPANY,

      Defendant-in-Intervention.

## CONFIDENTIALITY AGREEMENT

    I, _____, have been given a copy of and have read the Protective Order Regarding Confidential Information Produced by the Pueblo of Jemez in *Pueblo of Jemez v. United States*, 12-cv-800, in the United States District Court for the District of New Mexico. I understand the terms of the Order and hereby agree to be bound by those terms.

    In particular, and without limitation of the foregoing, I recognize that Plaintiff asserts that the Confidential Information to which I have access as part of my work on this case contains or may contain privileged proprietary or confidential information; I shall keep confidential the information contained in the Confidential Information; I shall not disclose to, reveal to, or discuss with any person, in any way, any Confidential Information, or the facts and information contained therein, other than as authorized by the attached Order; and I shall not use the

Confidential Information, or the facts and information contained therein, for any purpose, except as authorized by the Order.

I agree that, upon (a) the final termination of the above-captioned case, or (b) the conclusion of my involvement with the above-captioned case, whichever occurs first, I shall execute an affidavit certifying that I have returned, destroyed, or employed reasonable measures, consistent with the attached Order, to delete, degauss, or overwrite all such Confidential Information, as set forth in the Order.

I understand that if I disclose or reveal any Confidential Information, or the facts and information contained therein, in violation of the attached Order and this Agreement, I may be subject to all applicable sanctions, including the penalties imposed by the Court for contempt, even after litigation is concluded.

I hereby consent to the jurisdiction of the United States District Court for the District of New Mexico for the sole purpose of enforcing the Protective Order Regarding Confidential Information Produced by the Pueblo of Jemez and this Agreement.

I declare under penalty of perjury that the foregoing is true and correct and that this agreement is executed on _____.


_____   ADDRESS: _____
PRINT NAME
                                         _____


_____   PHONE: _____
SIGNATURE


A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.