# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF JEMEZ, a federally
recognized Indian tribe,

       Plaintiff,

v.                                                                                  CV 12-800 RB/WPL

UNITED STATES OF AMERICA,

       Defendant,

and

NEW MEXICO GAS COMPANY,

       Defendant-in-Intervention.

**PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION
PRODUCED BY THE UNITED STATES**

The Pueblo of Jemez ("Plaintiff") filed this case against the United States of America ("Defendant") on July 20, 2012.

This case relates to the historic use of land that is now the Valles Caldera National Preserve.

New Mexico Gas Company ("Defendant-Intervenor") has intervened in this case in order to protect its interests in certain land that is now part of the Valles Caldera National Preserve.

During discovery, Defendant will disclose information, including documents, data, and/or other material, pursuant to Federal Rule of Civil Procedure 26(a)(1).

The disclosed documents, data, and/or other materials may contain information regarding the historic use of the Valles Caldera National Preserve, including information regarding

sensitive cultural resources of Plaintiff and Plaintiff's members and/or of other Indian Tribes and/or individuals not parties to this case.

Defendant asserts that such documents, data, and/or other materials may contain information, including sensitive cultural information and may be subject to protection from disclosure pursuant, but not limited, to the Privacy Act, 5 U.S.C. § 552a, the Indian Minerals Development Act, 25 U.S.C. § 2103(c), the Trade Secrets Act (or Act of 1948), 18 U.S.C. § 1905, the Archeological Resources Protection Act, 16 U.S.C. § 470hh(a), the Antiquities Act, 54 U.S.C. § 320301, the National Parks Omnibus Management Act, Section 207, 54 U.S.C. § 100707, the Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201, the National Historic Preservation Act, 54 U.S.C. § 300101 et seq., and the Mineral Leasing Act, 30 U.S.C. § 181 et seq. The documents, data, and/or other materials may also be subject to protection from disclosure as confidential resource, commercial, and/or proprietary information under federal law and/or regulations, and because it relates to Indian Tribes and/or individuals not parties to this case.

IT IS THEREFORE ORDERED THAT:

1. Documents, data, and/or other materials, as well as copies or images of such documents, data, and any notes, dictation tapes, or media containing electronically stored information, and/or other materials, that are designated as protected from disclosure as outlined above shall be deemed "Confidential Materials" for purposes of this Order.

2. This Order governs the Confidential Materials to be provided by Defendant to Plaintiff and/or to Defendant-Intervenor for all purposes related to this case, including but not limited to litigation, alternative dispute resolution, or other formal dispute resolution process, and informal settlement discussions.

3. Plaintiff and Defendant-Intervenor shall not use the Confidential Materials, or any of their contents, for any purpose other than this case and any related administrative proceedings, if any, before the United States Department of the Interior. Any information designated as Confidential Materials shall be kept strictly confidential by Plaintiff's and Defendant-Intervenor's attorney(s), and Plaintiff's and Defendant-Intervenor's designated consulting or retained experts ("Expert Witnesses"), and such information shall not be disclosed, made public, or made available to anyone, except as specifically provided in this Order or in any further Order that this Court may enter.

4. Any materials, such as pottery shards and accompanying information, made available by Defendant to Plaintiff's and/or Defendant-Intervenor's attorney(s) and/or Expert Witnesses for inspection in this case shall be deemed confidential for purposes of the inspection. This limitation does not impact the use or dissemination of information that is independently available in the public domain.

5. Any images or copies of Confidential Materials that are provided to Plaintiff's and/or Defendant-Intervenor's attorney(s) and/or Expert Witnesses shall include the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE." Defendants may, in good faith and with notice to Plaintiff and Defendant-Intervenor, forego Defendant's review to determine the confidentiality of certain documents, data, and/or other materials to be provided to Plaintiff and Defendant-Intervenor in order to provide Plaintiff and Defendant-Intervenor with those documents on an expedited basis, in which case Defendant shall include on those documents, data, and/or other materials the endorsement "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE; PROVIDED ON AN EXPEDITED BASIS AND WITHOUT REVIEW," before providing the documents, data, and other materials to Plaintiff and Defendant-Intervenor. All

documents, data, and/or other materials so endorsed shall be deemed Confidential Materials and protected as such under this Order. If Plaintiff or Defendant-Intervenor intend to file documents, data, and/or other materials that have been endorsed as Confidential Materials with the Court as evidence or for any other purpose, Plaintiff or Defendant-Intervenor shall follow the procedures set forth in this Order.

6. Plaintiff or Defendant-Intervenor may request that Defendant review certain endorsed documents, data, and/or other materials to determine if they contain confidential information; redact any confidential information; and produce a version of the documents, data and/or other materials, after the necessary redactions, for filing with the Court without the Confidential Materials endorsement. After the documents, data, and/or other materials have been redacted or otherwise determined not to contain Confidential Materials, the documents, data, and/or other materials shall no longer be considered confidential and subject to this Order.

7. Confidential Materials may be disclosed without further Court approval only to the following: (a) the Court or any settlement judge or mediator appointed, designated, or selected to work with the parties in this case; (b) Plaintiff's attorney(s) of record in this case, as well as the attorney(s), paralegal(s), and support staff in his/her/their office(s) who are involved or may be necessary in the ordinary course to represent Plaintiff herein; (c) Defendant-Intervenor's attorney(s) of record in this case, as well as the attorney(s), paralegal(s), and support staff in his/her/their office(s) who are involved or may be necessary in the ordinary course to represent Defendant-Intervenor herein; (d) Plaintiff's Expert Witnesses in this case; and (e) Defendant-Intervenor's Expert Witnesses in this case. Each person receiving access to Confidential Materials shall execute an Affidavit of Confidentiality, in the form attached hereto, and provide that executed Affidavit to Plaintiff's or Defendant-Intervenor's attorney(s) of record.

Office support or administrative staff who simply handle or file the Confidential Materials but do not review their contents or retain copies thereof in any form need not execute an Affidavit of Confidentiality. Plaintiff's and Defendant-Intervenor's attorney(s) of record shall maintain the executed Affidavits of Confidentiality in his or her files and in accordance with the requirements of this Order.

8. Confidential Materials inadvertently provided by Defendant to Plaintiff or Defendant-Intervenor without the "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" or "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE; PROVIDED ON AN EXPEDITED BASIS AND WITHOUT REVIEW" endorsement shall remain, nonetheless, Confidential Materials, and the parties shall proceed as follows as to those materials:

a. If Plaintiff's or Defendant-Intervenor's attorney(s) discover(s) that document(s), data, and/or information should but does not bear the requisite "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" endorsement, those attorney(s) shall: (i) treat the materials as though they bear the endorsement and in accordance with the requirements of this Order, pending confirmation from Defendant's counsel about their status; (ii) notify Defendant's counsel, as soon as possible, that the materials should but do not bear the endorsement; and (iii) request that Defendant's counsel confirm the confidentiality of the materials. Upon receiving such a request from Plaintiff's or Defendant-Intervenor's attorney(s), Defendant's counsel shall determine the status of the materials and inform Plaintiff's or Defendant-Intervenor's attorney(s) of that determination within thirty (30) days of receiving such a request, unless otherwise agreed to by the parties. Nothing in this Order shall be construed to impose on Plaintiff's or Defendant-Intervenor's attorney(s) or Expert Witnesses the affirmative duty or obligation to conduct a review to determine the confidentiality of the documents or data provided by Defendant herein.

    b. If Plaintiff's or Defendant-Intervenor's Expert Witnesses discover that document(s), data, and/or information should but does not bear the requisite "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" endorsement, those Expert Witnesses shall (i) treat the materials as though they bear the endorsement and in accordance with the requirements of this Order, pending confirmation from Defendant's counsel about their status; (ii) notify Plaintiff's or Defendant-Intervenor's attorney(s), as soon as possible, about the discovery; and (iii) that attorney shall then act as provided for in subparagraph 8(a) above. Nothing in this Order shall be construed to impose on Plaintiff's or Defendant-Intervenor's attorney(s) or Expert Witnesses the affirmative duty or obligation to conduct a review to determine the confidentiality of the documents, data, or other material provided by Defendant herein.

    c. If Defendant's counsel learns or discovers that Defendant inadvertently produced or otherwise disclosed Confidential Materials without the requisite "CONFIDENTIAL MATERIALS—DO NOT DISCLOSE" endorsement to Plaintiff's or Defendant-Intervenor's attorney(s) or Expert Witnesses, Defendant's counsel shall notify Plaintiff's or Defendant-Intervenor's attorney(s), as soon as possible, at which time Plaintiff's or Defendant-Intervenor's attorney(s) shall notify their Expert Witnesses, as soon as possible, and Plaintiff's or Defendant-Intervenor's attorney(s) and Expert Witnesses shall treat the documents, data, and/or other materials as though they bear the endorsement and in accordance with the requirements of this Order. In addition, Defendant's counsel shall furnish to Plaintiff's or Defendant-Intervenor's attorney(s) copies of the Confidential Materials, with the requisite endorsement, as soon as possible. Upon receipt of the copies of the Confidential Materials with the requisite endorsement, Plaintiff's or Defendant-Intervenor's attorney(s) and/or Expert Witnesses shall: (i) destroy; (ii) employ reasonable measures, consistent with this Order, to delete from, degauss, or overwrite on

any computer, hard drive, server, or other electronic storage media; or (iii) return to Defendant's counsel, as soon as possible, any copies of Confidential Materials inadvertently provided without the requisite endorsement.

9.  Any party filing Confidential Materials with the Court shall request that the Clerk of Court file such materials under seal. No party shall file with the Court at any time any motion, application, memorandum or brief, or any other pleading or document that quotes from or paraphrases Confidential Materials or that contains information obtained solely from Confidential Materials, unless the confidential portion of any such motion, application, memorandum or brief, pleading, or other document has been filed under seal with the Clerk of Court. All filings under seal shall be made in accordance with all applicable court rules, polices, procedures, and orders.

10.  Plaintiff's or Defendant-Intervenor's attorney(s) of record, Expert Witnesses, and any other persons who have executed an Affidavit of Confidentiality in this case shall employ reasonable measures, consistent with this Order, to control duplication of, access to, and distribution of the Confidential Materials.

11.  All Confidential Materials, copies or images thereof, or extracts that constitute Confidential Materials under this Order shall be (i) returned to Defendant's counsel; (ii) destroyed; or (iii) deleted from, degaussed, or overwritten on any computer, hard drive, server, or other electronic storage media, through the use of reasonable measures, consistent with this Order, immediately upon the final termination of this case (including the resolution of any appeals) or the final termination of any related administrative proceedings, if any, before the United States Department of the Interior, whichever occurs later. Within thirty (30) days of that time, all individuals who have executed an Affidavit of Confidentiality pursuant to Paragraph 7

of this Order and who still have access to such Confidential Materials shall certify in writing that they have returned to Defendant's counsel, destroyed, or employed reasonable measures, consistent with this Order, to delete from, degauss, or overwrite on any computer, hard drive, server, or other electronic storage media, all such Confidential Materials, copies or images thereof, or extracts that constitute Confidential Materials. Plaintiff's and Defendant-Intervenor's attorney(s) of record shall maintain these certifications and shall provide copies thereof to Defendant's counsel upon receiving the certifications. Further, all individuals who execute an Affidavit of Confidentiality pursuant to Paragraph 7 of this Order and who terminate their involvement in this case before the final termination of this case (including the resolution of any appeals) or the final termination of any related administrative proceedings, if any, before the United States Department of the Interior, whichever occurs later, shall certify in writing that they have returned to Plaintiff's or Defendant-Intervenor's attorney(s), destroyed, or employed reasonable measures, consistent with this Order, to delete from, degauss, or overwrite on any computer, hard drive, server, or other electronic storage media, all Confidential Materials to which they have received access or of which they have received copies. Plaintiff's and Defendant-Intervenor's attorney(s) of record shall maintain the returned Confidential Materials or the certifications of their destruction from these individuals and provide those items to Defendant's counsel after the final termination of this case or the final termination of any related administrative proceedings, if any, before the United States Department of the Interior, whichever occurs later.

    12. If Plaintiff or Defendant-Intervenor disputes Defendant's assertion and designation that a document, data, and/or other information constitute(s) Confidential Material, the Plaintiff or Defendant-Intervenor shall notify Defendant in writing and state therein the

grounds for disputing Defendant's assertion and designation of confidentiality. Within 30 days of Defendant's receipt of such written notification (or a longer period of time, if the parties so agree), the Parties shall discuss and attempt to resolve the dispute. If the Parties do not resolve the dispute within 30 days or an extension thereof, Plaintiff or Defendant-Intervenor may file a motion seeking a ruling from the Court regarding Defendant's assertion and designation regarding confidentiality.

13. Until further order of the Court, this Order shall remain in full force and effect after the dismissal of the case and regardless of whether the Parties reach settlement.

IT IS SO ORDERED.

                                                  _/s/ William P. Lynch_____
                                                  William P. Lynch
                                                  United States Magistrate Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF JEMEZ, a federally
recognized Indian tribe,

       Plaintiff,

v.     CV 12-800 RB/WPL

UNITED STATES OF AMERICA,

       Defendant,

and

NEW MEXICO GAS COMPANY,

       Defendant-in-Intervention.

## AFFIDAVIT OF CONFIDENTIALITY

STATE OF _____.

    1.    My name is _____. My home or office address is _____. I am serving as _____ (e.g., counsel, an expert, a paralegal, etc.) on behalf of _____ in the above-captioned case.

    2.    I certify that I have read and understood the entire attached Order, which is attached hereto and incorporated herewith as Exhibit A. I agree to undertake and abide fully and completely by the terms of the Order.

    3.    In particular, and without limitation of the foregoing, I recognize that the Confidential Materials to which I have access as part of my work on this case may contain privileged, proprietary, personal, or otherwise sensitive information; I shall keep confidential the information contained in the Confidential Materials; I shall not disclose to, reveal to, or discuss

with any person, in any way, any Confidential Materials, or the facts and information contained therein, other than as authorized by the attached Order; and I shall not use the Confidential Materials, or the facts and information contained therein, for any purpose, except as authorized by the Order.

      4.      I agree that, upon (a) the final termination of the above-captioned case, or (b) the conclusion of my involvement with the above-captioned case, whichever occurs first, I shall execute an affidavit certifying that I have returned, destroyed, or employed reasonable measures, consistent with the attached Order, to delete, degauss, or overwrite all such Confidential Materials, as set forth in the Order.

      5.      I understand that, if I disclose or reveal any Confidential Materials, or the facts and information contained therein, in violation of the attached Order, I may be subject to all applicable sanctions, including the penalties imposed by the Court for contempt.

                                                _____
                                                (NAME OF AFFIANT)

                                                _____
                                                (SIGNATURE OF AFFIANT)

SWORN AND SUBSCRIBED BEFORE ME,

THIS _____ DAY OF _____, _____,

_____
NOTARY PUBLIC

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.