IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF JEMEZ,

    Plaintiff,

v.                                                                                                         CIV 12-0800 RB/JHR

UNITED STATES OF AMERICA,

    Defendant,

and

NEW MEXICO GAS COMPANY,

    Defendant-in-Intervention,

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant United States' Expedited Motion for a Protective Order Prohibiting In-Person Attendance at Deposition of Pueblo of Zia (*Doc. 162*), filed December 8, 2017, and Plaintiff Pueblo of Jemez's Motion to Strike and Memorandum in Support of Motion to Strike (*Doc. 164*), filed December 14, 2017. Having reviewed Plaintiff's Response in Opposition to Defendant's Motion for Protective Order (*Doc. 165*), the Court will grant a Protective Order precluding any party from attending the deposition by written questions of the Pueblo of Zia and deny the Motion to Strike.

    I.    **BACKGROUND**

Plaintiff, Pueblo of Jemez, brought this action against the United States under the Quiet Title Act and state common law seeking to quiet its aboriginal title to the land known as the Valles Caldera National Preserve. *See Doc. 91* (Parties' Joint Status Report) at 2. Plaintiff alleges that after the United States purchased the Valles Caldera in 2000, it began taking steps to limit

1

Jemez members from enforcing the Pueblo's aboriginal title. *Doc. 91* at 2. Defendant-in-intervention New Mexico Gas Company subsequently intervened to protect its ownership and easement rights relating to a pipeline that was built starting in the 1950s which traverses the Valles Caldera, and remains in use today. *See Doc. 85*.

Defendant asserts that many federally recognized Indian tribes have used the Valles Caldera for highly confidential religious and cultural purposes. *See Doc. 162* at 2. As such, it deposed the Pueblo of Santa Clara as to these practices by written questions on July 27, 2017, to maintain the pueblo's confidentiality on these matters. *Id.* at 3. No attorney was present at this deposition other than the attorney for the deponent. Apparently, this deposition by written questions did not proceed as Plaintiff had envisioned because the deponent's attorney interjected in ways Plaintiff believes to be improper. As such, when Defendant gave notice that it intended to use the same discovery mechanism to depose the Pueblo of Zia, counsel for Plaintiff notified Defendant's counsel that he planned to attend the Pueblo of Zia's deposition by written questions. *Id.* at 6-7.

Defendant now moves this Court for a protective order precluding all parties and their counsel from attending the deposition by written questions of the Pueblo of Zia. *See generally id.* Plaintiff vehemently opposes this Motion, asserting that Defendant's request "asks this Court to deny the Pueblo of Jemez and its legal counsel the fundamental right to attend a deposition." *Doc. 165* at 3. Contemporaneously, Plaintiff moves the Court to strike the deposition transcript of the Pueblo of Santa Clara which Defendant attached to its Motion as Exhibit 4. *See Doc. 164*.

## II. LEGAL STANDARDS

### A) Protective Orders

Under Rule 26(c)(1)(E) the Court may designate the persons who may be present while a deposition is conducted. Fed. R. Civ. P 26(c)(1)(E). Protective orders may be entered for "good cause," Fed. R. Civ. P. 26(c)(1), and this Court's decision on whether to enter a protective order is reviewed for abuse of discretion. *See S.E.C. v. Merrill Scott & Associates, Ltd.*, 600 F.3d 1262, 1271 (10th Cir. 2010) ("The district court has broad discretion over the control of discovery, and we will not set aside discovery rulings absent an abuse of that discretion."). "The 'good cause' standard of Rule 26(c) is highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (quoted authority omitted).

**B) Motion to Strike**

The "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" under Fed. R. Civ. P. 12(f). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded, or a statement of unnecessary particulars in connection with and descriptive of that which is material." *Daye v. Cmty. Fin. Serv. Centers, LLC*, 233 F. Supp. 3d 946, 988 (D.N.M. 2017) (Browning, J.) (citing 5C Wright & Miller, Federal Practice & Procedure, § 1382, at 458–60 (3d ed. 2004)). While the Court has considerable discretion in striking redundant, immaterial, impertinent, or scandalous matters, Rule 12(f) motions to strike are not favored, and may be seen as either a dilatory tactic, or "purely cosmetic or 'time wasters,'" and such motions "should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy." *Id.* at 987, 988 (quoting 5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36). Moreover, a party may only seek to strike material from a "pleading," and other filings such as "motions, briefs, memoranda,

objections, or affidavits may not be attacked by the motion to strike." *Daye*, 233 F. Supp. 3d at 988 (citing *Dubrovin v. Ball Corp. Consol. Welfare Ben. Plan for Emps.*, 2009 WL 5210498, at *1 (D. Colo. Dec. 23, 2009) and *Ysais v. N.M. Judicial Standard Comm'n*, 616 F.Supp.2d 1176, 1184 (D.N.M. 2009)) (internal markings omitted). The only exception to the rule that only pleadings may be stricken is "that a Court may choose to strike a filing that is not allowed by local rule, such as a surreply filed without leave of court." *Id.* (citing several cases thereafter, however, in which the court denied a motion to strike filings that were not technically allowed by local rules) (internal markings omitted).

### III. ANALYSIS

#### A) Defendant's Motion for a Protective Order is granted.

Plaintiff first argues that Defendant's Motion should be summarily denied under this Court's Local Rules because it failed to meet and confer as to the relief sought and to so state in the body of the Motion. Under Local Rule 7.1(a): "[m]ovant must determine whether a motion is opposed, and a motion that omits recitation of a good-faith request for concurrence may be summarily denied." D.N.M.LR-Civ. 7.1(a). Plaintiff's argument is not well-taken. While Defendant did not specifically recite adherence to Local Rule 7.1(a), it clearly states that "[t]he Pueblo of Jemez has stated that, absent entry of a protective order, it plans to attend the Pueblo of Zia's deposition." *Doc. 162* at 2. As such, Defendant properly determined that its Motion for a protective order would be opposed. Moreover, Plaintiff has not conceded the relief requested in Defendant's Motion, rendering its citation to the Local Rule inapposite.

Turning to the heart of the matter, the Court finds that Plaintiff should not be permitted to attend the deposition by written questions of the Pueblo of Zia. Depositions by written questions are governed under Federal Rule of Civil Procedure 31. The Rule provides that any party may

4

depose any person by written questions except in certain circumstances, not present here. *See* Fed. R. Civ. P. 31(a).

> Based on the Rule's title, it may sound like a deposition by written questions is a less burdensome way to obtain deposition discovery. However, once the Rule is examined, it is clear that depositions by written questions "entail more than mailing questions to the deponents and awaiting their written response." *Dasenbrook v. Enenmoh*, 2015 WL 1889069, *2 (E.D. Cal. April 24, 2015). Rule 31 requires the party taking the deposition to deliver the written questions to a deposition officer. Fed.R.Civ.P. 31(b). The deposition then proceeds in a manner similar to oral depositions. *Id.* (incorporating Rule 30(c), (e), and (f)). The deponent is put under oath, and then the deposition officer "must ask the deponent [the written] questions and record the answers verbatim." Fed.R.Civ.P. 30(c)(3). Following the deposition, a transcript is prepared in the same manner as an oral deposition. Fed.R.Civ.P. 31(b)(2)-(3).

*Dallas Buyers Club, LLC v. Doe-70.181.229.254*, 2016 WL 3854547, at *1 (S.D. Cal. July 15, 2016).

> Depositions by written questions under Rule 31 are rarely, if ever, used in modern litigation under any circumstances. That is surely no accident. While depositions by written questions offer one slight advantage over live depositions (the reduction of expense through elimination of attorney travel time and transcript costs), they present huge disadvantages, including the loss of spontaneity, the inability to ask follow-up questions, the inability to observe the witness, and the inability to ensure the integrity of the responses, which may be drafted or edited by lawyers.

*Fid. Int'l Currency Advisor a Fund, LLC v. United States*, 2007 WL 9412764, at *3 (D. Mass. May 23, 2007). Given these observations, and the lack of binding authority on the matter, the Court finds it necessary to examine the purpose of depositions by written questions, in order to determine whether parties would ordinarily be privy to attending them in person.

Some courts and commentators have explained that a party may seek to depose a non-party under Rule 31 because Rule 33 interrogatories are unavailable as to non-parties. *See United States v. Dollison*, 2017 WL 3873698, at *8 n.6 (D. Alaska Sept. 4, 2017); *In re: Am. Med. Sys., Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 2016 WL 6645778, at *4 (S.D.W. Va. Nov. 8, 2016); 3A West's Fed. Forms, District Courts-Civil § 23:25 (5th ed. 2017) ("a deposition upon written

questions may be used to take the testimony of both parties and nonparty witnesses."). In fact, historically, the Rule was titled deposition upon written interrogatories. Fed. R. Civ. P. 31, Advisory Committee notes to the 1970 Amendment. If a deposition by written questions is, or traditionally has been, a substitute for written interrogatories, then surely the parties have no right to be present as parties have no right to be present during the answering of written interrogatories under Rule 33.

The Rule itself appears to contemplate the absence of all but the officer conducting the deposition and the deponent. *See* Fed. R. Civ. P. 31(a)(3)-(5) (discussing the exchange of questions, cross-questions, redirect questions and recross-questions by the parties before the deposition occurs); Fed. R. Civ. P. 31 (c) ("The party who noticed the deposition must notify all other parties when it is completed.").[1] Additionally, cases that have commented on the matter appear to contemplate the absence of counsel. *See, e.g., Picozzi v. Clark County Det. Ctr.*, 2017 WL 4678472, at *4 (D. Nev. Oct. 16, 2017) ("In addition to the cost, the ability to gather evidence in such a deposition is quite limited. Because all the questions are written and shared in advance with opposing counsel, there is no opportunity for follow-up questions when a witness makes a statement that is unexpected, or the answer is not understood."); *Eggleston v. Mitchell*, 2013 WL 5351053, at *5 (M.D. Pa. Sept. 23, 2013) ("[T]he evidence-gathering ability in such a deposition is quite limited. The requirement that the questions all be written and shared in advance means that there is no opportunity for follow-up questions when a witness makes a statement that is unexpected."). Likewise, as stated by one secondary source, "[t]he officer is merely to record what the witness says in response to the various questions propounded to him.

---

[1] The parties disagree as to the purpose of Rule 31(c). Defendant argues that it implies that no party will be present at the deposition. *Doc. 162* at 7. Plaintiff argues, relying on the Advisory Committee Notes to the Rule, that a deposition is not "completed" at the end of questioning, but rather when the deponent has either waived or exercised the right of review under Rule 30(e)(1). *Doc. 165* at 8. The Court reads it to imply that no party is present at the deposition by written questions.

Comments by the officer as to the demeanor of the witness or as to remarks he made before the questions were put are improper and will be stricken." § 2133 Taking and Return of Deposition, 8A Fed. Prac. & Proc. Civ. § 2133 (3d ed.). Because of this, the one court that permitted counsel to be present at a Rule 31 deposition did so with the caveat that no questions other than those posed in writing would be asked of the deponent. *See Solis v. Bruister*, 2012 WL 12829683, at *11 (S.D. Miss. Dec. 26, 2012).

In sum, while neither party has pointed the Court to binding authority addressing the matter, the Court's own research indicates that depositions by written questions are typically not attended by parties to a case and, in the one exception, attending counsel was not allowed to interject. In keeping with the purpose of Rule 31, the Court concludes that no party or counsel should be present at the Pueblo of Zia's deposition by written questions. While the Court understands Plaintiff's concerns that the deposition will not proceed as it should in its absence, the fact remains that even if the Court permitted Plaintiff to be present at the deposition by written questions, it would not be permitted to comment on the record or otherwise interfere with the officer conducting it. Moreover, while Plaintiff may be "attempting to timely address due process violations that occurred during the one other deposition by written question (sic) taken by Defendant," *Doc. 165* at 8, demanding to attend a subsequent deposition by written questions is not the proper mechanism to do so. Rather, Plaintiff should instead object to the introduction of the testimony at trial as it may under Rule 32.

**B) Plaintiff's Motion to Strike is denied.**

Finally, the Court will deny Plaintiff's Motion to Strike. The Santa Clara deposition transcript is not a pleading, and as such, is not subject to be stricken under Rule 12(f). Plaintiff argues that the deposition was "filed" in violation of Federal Rule of Civil Procedure 5(d)(1), but

that Rule permits depositions to be filed when "they are used in the proceeding[.]" Fed. R. Civ. P. 5(d)(1). Here, Defendant did not "file" the deposition in the sense of Rule 5, but instead attached the deposition to its Motion and cited it in support thereof. Thus, Rule 5(d)(1) is inapplicable. *Compare* D.N.M.LR-Civ. 7.3(b) (requiring the movant to submit evidence, including deposition excerpts, in support of allegations of fact); D.N.M.LR-Civ. 37.1(a) (requiring a party seeking a protective order to attach to the motion a copy of the relevant portion of the deposition transcript). Notably, Plaintiff itself cited the Santa Clara deposition extensively in its Response to the Motion. *See Doc. 165* at 5, 9-10. For all of these reasons, the Court finds that the Motion to Strike should be denied. D.N.M.LR-Civ. 1.4; Fed. R. Civ. P. 1.

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion seeking a protective order (*Doc. 162*) is hereby GRANTED. Plaintiff's Motion to Strike (*Doc.164*) is DENIED.

IT IS SO ORDERED.

_____
HONORABLE JERRY H. RITTER
UNITED STATES MAGISTRATE JUDGE