FILED
UNITED STATES DISTRICT COURT
LAS CRUCES, NEW MEXICO

MAY - 1 2018

CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PUEBLO OF JEMEZ,** a federally
recognized Indian tribe,

    **Plaintiff,**

**v.**

              **No. 12-cv-0800 RB-JHR**

**THE UNITED STATES OF AMERICA,**

    **Defendant**

**and**

**NEW MEXICO GAS COMPANY,**

    **Defendant-in-Intervention.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Pueblo of Jemez's Motion and Memorandum in Support of Motion for Intra-Division Transfer of Trial to Albuquerque, New Mexico (Doc. 189), filed on March 9, 2018, and the United States' Opposed Motion for Leave to File Surreply to Plaintiff's Motion for Intra-District Transfer of Trial to Albuquerque, New Mexico (Doc. 200), filed on April 16, 2018. Having considered the submissions of counsel[1] and relevant law, the Court will **DENY** the Pueblo of Jemez's Motion for Transfer and **DENY AS MOOT** the United States' Motion for Leave to File Surreply.

### I.   Background

In 2012, the Pueblo of Jemez (Plaintiff) filed suit against the United States (Defendant) in federal court "under the federal common law and the Quiet Title Act (QTA), 28 U.S.C. § 2409a,

---

[1] "Defendant-in-Intervention New Mexico Gas Company does not oppose the relief sought in [Plaintiff's] motion." (Doc. 189 at 1.)

1

*et seq.*, seeking to quiet its allegedly unextinguished and continuing aboriginal title to the lands of what is now the Valles Caldera National Preserve." *Pueblo of Jemez v. United States*, 790 F.3d 1143, 1146 (10th Cir. 2015). Plaintiff now "moves for an intra-division transfer of the trial location in this matter" from Las Cruces, New Mexico, to Albuquerque, New Mexico. (*See* Doc. 189 at 1.) The parties estimate the trial will require two to three weeks (Doc. 91 at 26), and the Court has scheduled a bench trial to take place October 29 through November 16, 2018 (Doc. 100).

## II.    Standard

"New Mexico constitutes one judicial district." 28 U.S.C. § 111. When deciding a motion for an intra-district transfer, courts consider the factors relevant to a transfer of venue under 27 U.SC. § 1404(a). *See EEOC v. Bok Fin. Corp.*, No. Civ. 11-1132 RB/LAM, 2014 WL 11829318, at *1 (D.N.M. Jan. 3, 2014) (citing *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F. Supp. 2d 1095, 1098 (D. Colo. 2006)). The factors "include: (1) the plaintiff's choice of forum; (2) the convenience of the witnesses, (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other considerations of a practical nature that make a trial easy, expeditious and economical." *Four Corners Nephrology Assocs., P.C.*, 464 F. Supp. 2d at 1098 (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (subsequent citations omitted)); *see also Bok Fin. Corp.*, 2014 WL 11829318, at *1. "The party seeking transfer has the burden of proving that the existing forum is inconvenient." *Id.* (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (subsequent citation omitted)).

## III.    Discussion

Plaintiff argues that transferring this trial to Albuquerque will "preserve limited resources," improve convenience and accessibility for fact witnesses, "facilitate the efficient presentation of testimony from expert witnesses[,] . . . provide efficiency in travel for the Parties' counsel[,] and be in the interest of justice given the location of the land at issue in this case." (Doc. 189 at 1.) Defendant opposes the motion if it means that the case would be transferred to a different judge or the trial would be delayed. (*See* Doc. 194.)

*Plaintiff's Choice of Forum*

Plaintiff contends that it "originally filed this action to be heard in Albuquerque . . . ." (Doc. 189 at 4.) The mere filing of an action in a certain courthouse in this District, however, does not ensure that the action will remain with a judge in that courthouse. The District of New Mexico employs "a random case-distribution system[,]" which means that cases filed in this District may be assigned to a United States District Judge in any one of our courthouses. *See, e.g.*, *United States v. Rodella*, No. CR 14-2783 JB, 2014 WL 4792598, at *11 (D.N.M. Sept. 15, 2014). Local Rule 73.1 provides for the allocation of civil case assignments to United States Magistrate Judges, in addition to United States District Judges. *See* D.N.M. LR-Civ. 73.1(a). This case was, in fact, originally assigned to an Albuquerque-based magistrate judge to conduct dispositive proceedings. (*See* Doc. 3.) The parties did not consent to the magistrate judge, and the case was then reassigned to me, a Las Cruces-based district judge. (*See* Doc. 12.) Because of the District's random case-distribution system, however, this action could have been assigned to me at the outset. *See Bok Fin. Corp.*, 2014 WL 11829318, at *1.

*Convenience of the Witnesses and Accessibility of Witnesses and Other Sources of Proof*

Plaintiff asserts that most, if not all, of the fact witnesses, expert witnesses, parties, and attorneys live in or near either Albuquerque (220 miles north of Las Cruces) or the Jemez Pueblo

(270 miles north of Las Cruces). (*See* Docs. 189 at 4–6; 189-1.) Plaintiff also argues that there are unique circumstances in this case, as many of the fact witnesses are tribal members with "critical religious societal positions," are elderly, and/or are in feeble health, and travel would pose an increased burden on both individuals and the Pueblo itself in terms of time and money. (*See* Docs. 189 at 4–6; 198 at 4–5, 7–9.)

Plaintiff acknowledges that of the six fact witnesses it identifies as "essential," five are able to travel to Las Cruces for the trial ("but with substantial burden of time and expense"), and one has not disclosed whether travel is possible. (*See* Doc. 189-1.) Both parties have also indicated that they are open to flexible and creative solutions, including live testimony via videoconference. (*See* Docs. 194 at 6; 198 at 8.)

Further, Plaintiff asserts that it "intends to request that the Court take some evidence in the Valles Caldera National Preserve itself, which is the site of the aboriginal title claim at issue in this case." (Doc. 189 at 6.) Plaintiff does not specify what that evidence will include, nor does Plaintiff indicate that photographs, diagrams, and/or videos of the site would be insufficient.

*The Possibility of Obtaining a Fair Trial*

Plaintiff does not argue that it would be unable to obtain a fair trial in Las Cruces. (*See* Doc. 189 at 9.)

*All Other Practical Considerations*

Plaintiff acknowledges that this Court has a very heavy criminal docket, which means extended travel for a trial poses a serious burden on judicial administration. (*Id.* at 8.)

Plaintiff also asserts "that many non-witness Pueblo members, federal employees, New Mexico Gas Company employees, and members of the public with an interest in the outcome of

this action will want to attend the trial[,]" which would be much more difficult in Las Cruces. (*Id.* at 9.)

Defendant agrees with many of the points Plaintiff makes in its motion, but Defendant does not believe that it is "in the interests of justice to transfer this case to a different judge when this Court has devoted significant judicial resources to this case." (Doc. 194 at 2.) Defendant also believes that "any transfer . . . would likely impose delays that would render witnesses unavailable." Specifically, Defendant has an employee who "is serving as an expert witness for the United States[,]" but Defendant has not retained her as an expert because of her employee status. (*Id.* at 4.) The witness has plans to move to Hawaii in November or December 2018, and she may be unavailable if the trial is delayed. (*Id.*) Plaintiff points out that the witness has not stated "that it would be a hardship of any kind for her to" testify at the trial. (*See* Docs. 194-A; 198 at 7–8.)

## III. Conclusion

The Court acknowledges that an Albuquerque trial would be the easiest and most expedient solution. Due to the Court's congested docket and other circumstances as described below, however, the Court is unable to accommodate the request and will **DENY** Plaintiff's motion (Doc. 189).

The Court has the option of recusing and transferring this case to a randomly-assigned Northern-based district judge (one based in Albuquerque or Santa Fe), but is reluctant to do so if the matter would be significantly delayed. In full disclosure to the parties, I am taking senior status in July 2018. It is likely that this case will be transferred to another district judge at that time. Consequently, the Court will help the parties get ahead of this change by having the case

reassigned to a Northern-based district judge who can accommodate a 2018 trial setting. I will facilitate this reassignment by emailing all Albuquerque and Santa Fe-based district judges on the parties' behalf. I will then transfer the entire matter to a judge who has the requisite availability. The Court is confident that each judge in this district has the experience and wisdom to handle this matter. Moreover, pretrial motions have not yet been filed, and the judge who rules on any such motions will be well-prepared for trial.

The Court did not consider the issues raised by the parties regarding the alleged "agreement relating to Plaintiff's motion to transfer and [any] attempt[] to prevent this Court from hearing [certain] testimony." (Doc. 200 at 1.) Accordingly, Defendant's Opposed Motion for Leave to File Surreply (Doc. 200) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**