IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PUEBLO OF JEMEZ, a federally recognized
Indian Tribe,

      Plaintiff,

vs.                                                                                 No. CIV 12-0800 JB\JHR

UNITED STATES OF AMERICA,

      Defendant,

and

NEW MEXICO GAS COMPANY,

      Defendant-in-Intervention.

## **ORDER**[1]

**THIS MATTER** comes before the Court on: (i) Plaintiff Pueblo of Jemez's Motion for Partial Summary Judgment Confirming Its Indian (Aboriginal) Title to the Banco Bonito and Redondo Mountain, filed August 17, 2018 (Doc. 237); and (ii) Plaintiff Pueblo of Jemez's Motion for Partial Summary Judgment Confirming Its Indian (Aboriginal) Title to the Banco Bonito and Redondo Mountain, filed August 17, 2018 (Doc. 238)(collectively the "Motion").[2] The Court held a hearing on September 14, 2018. The primary issues are whether genuine issues of material facts

---

[1]This Order disposes of Plaintiff Pueblo of Jemez's Motion for Partial Summary Judgment Confirming Its Indian (Aboriginal) Title to the Banco Bonito and Redondo Mountain, filed August 17, 2018 (Doc. 237), and Plaintiff Pueblo of Jemez's Motion for Partial Summary Judgment Confirming Its Indian (Aboriginal) Title to the Banco Bonito and Redondo Mountain, filed August 17, 2018 (Doc. 238). The Court will issue, however, a Memorandum Opinion at a later date more fully detailing its rationale for this decision.

[2]Doc. 238 is the unredacted version of Doc. 237.

exist as to Plaintiff Pueblo of Jemez' aboriginal title claim to: (i) the Banco Bonito; and (ii) Redondo Mountain, both of which lie within the Valles Caldera National Preserve. At the hearing, the Court indicated its inclination not to grant the Motion. See Transcript of Hearing at 59:23-24 (taken September 14, 2018), filed September 21, 2018 (Doc. 278)(Court)("Tr."). Having carefully reviewed the record and considered the law, the Court denies the Motion.

First, the Court concludes that genuine issues of material fact remain regarding the extent of other Tribes' Banco Bonito use. To establish its right to the Banco Bonito, Jemez Pueblo must show "actual, exclusive, and continuous use and occupancy for a long time." Pueblo of Jemez v. United States, 790 F.3d 1143, 1165 (10th Cir. 2015)(internal quotation marks omitted)(quoting Sac & Fox Tribe of Indians of Okl. v. United States, 383 F.2d 991, 998-99 (Ct. Cl. 1967)). Jemez Pueblo asserts that its Banco Bonito use "was exclusive," in part, because "[t]here was no archeological evidence that any other tribe used and occupied Banco Bonito," which, according to Jemez Pueblo, indicates that "Jemez controlled the area as to any other tribes." Motion at 22. The Court, however, notes that dispute remains regarding whether Jemez Pueblo, the Pueblo of Zia, and the Pueblo of Santa Ana jointly used the Banco Bonito, which, if true, could defeat Jemez' claim to exclusive use. The Court, therefore, declines to enter partial summary judgment in Jemez Pueblo's favor as to the Banco Bonito.

Second, the Court concludes that genuine issues of material fact remain regarding the extent of other Tribes' Redondo Mountain use. The Court of Federal Claims has noted that "the general rule of exclusive use and occupancy is subject to three exceptions: (1) the joint-and-amicable-use exception; (2) the dominated use exception; and (3) the permissive use exception." Alabama-Coushatta Tribe of Tex. v. United States, No. 3-83, 2000 WL 1013532, at *12 (Fed. Cl.

June 19, 2000).³ Jemez Pueblo asserts that its Redondo Mountain use "is exclusive because, even if other tribes historically used Redondo, which is disputed, it is undisputed that other tribes have not used Redondo Mountain in at least the past eighteen years or, to the extent there may be other minimal use by a tribe, Jemez's uses were dominant." Motion at 24. The Court, however, notes that both the Pueblo of Santa Clara and the Pueblo of Zia have stated that they hold Redondo Mountain sacred, and continue to use it for traditional purposes without concern for Jemez Pueblo's use, which, if true, could defeat Jemez Pueblo's aboriginal title claim. Moreover, the Court noted at the hearing that "agents of Jemez . . . at one time or another, seemed to indicate that other people were using [Redondo] mountain." Tr. at 65:5-8 (Court). Although other Tribes' Redondo Mountain use does not per se defeat Jemez Pueblo's claim to aboriginal title over that land, at this stage in these proceedings, the Court cannot, as a matter of law, grant Jemez Pueblo's motion for partial summary judgment.

**IT IS ORDERED** that: (i) Plaintiff Pueblo of Jemez's Motion for Partial Summary Judgment Confirming Its Indian (Aboriginal) Title to the Banco Bonito and Redondo Mountain, filed August 17, 2018 (Doc. 232), and (ii) Plaintiff Pueblo of Jemez's Motion for Partial Summary Judgment Confirming Its Indian (Aboriginal) Title to the Banco Bonito and Redondo Mountain, filed August 17, 2018 (Doc. 239), are denied.

_____
UNITED STATES DISTRICT JUDGE

---

³The Court of Claims, Claims Court, and Court of Federal Claims cases that discuss the joint-and-amicable-use exception, the dominated use exception, and the permissive use exception to the exclusive-use-and-occupancy rule are not binding precedent; however, the Court concludes that these cases have persuasive value with respect to joint aboriginal title claims, and thus will assist the Court in its disposition of the case.

*Counsel:*

Randolph H. Barnhouse
Kelli J Keegan
Justin J. Solimon
Christina S. West
Karl E. Johnson
Veronique Richardson
Dianna Kicking Woman
Tierra Marks
Michelle T Miano
Barnhouse Keegan Solimon & West LLP
Los Ranchos de Albuquerque, New Mexico

--and--

Thomas E. Luebben, Jr.
Law Offices of Thomas E. Luebben
Sandia Park, New Mexico

--and--

Frederick R. Petti
Petti and Briones, PLLC
Scottsdale, Arizona

    *Attorneys for the Plaintiff*

Jeffrey Wood
  Acting Assistant Attorney General
Peter K. Dykema
Matthew Marinelli
Jacqueline M. Leonard
Amarveer Brar
Kenneth Rooney
Kristofor R. Swanson
Natural Resources Section
Environment & Natural Resources Division
United States Department of Justice
Washington, D.C.

    *Attorneys for Defendant United States of America*

Kirk R. Allen
Elizabeth Reitzel
Miller Stratvert P.A.
Albuquerque, New Mexico

> *Attorneys for the Intervenor Defendant*